1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| LIBERATA PARADISCO, individually and ON Behalf of All Others Similarly Situated, | No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| JUNO THERAPEUTICS, INC., HANS E. BISHOP, and STEVEN D. HARR, | |
| Defendants. | Jury Trial Demanded |

Plaintiff Liberata Paradiso ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, her counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Juno Therapeutics, Inc. ("Juno" or the "Company"), with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Juno; and (c) review of other publicly available information concerning Juno.

Class Action Complaint - 1

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that acquired Juno securities between May 9, 2016 and July 7, 2016, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Juno is a biopharmaceutical company focused on the treatment of cancer.  The Company purportedly develops cell-based cancer immunotherapies by genetically engineering T cells to recognize and kill cancer cells.

3.      In the third quarter of 2015, the Company began a Phase II trial, known as the "ROCKET" trial, of JCAR015 to treat adult relapsed/refractory ("r/r") B cell acute lymphoblastic leukemia ("ALL").

4.      On July 7, 2016, Juno issued a press release announcing that the U.S. Food and Drug Administration ("FDA") placed a clinical hold on the Phase II clinical trial of JCAR015. The Company clarified that "[t]he clinical hold was initiated after two patient deaths last week, which followed the recent addition of fludarabine to the pre-conditioning regimen."  Juno also announced that it proposed to the FDA to continue the trial using JCAR015 with cyclophosphamide pre-conditioning alone, and that, in response to Juno's proposal, the FDA requested that Juno submit a revised patient informed consent form, a revised investigator brochure, a revised trial protocol, and a copy of the presentation made to the agency on July 6, 2016, as a complete response to the clinical hold.

5.      On the same day, July 7, 2016, the Company held a conference call to discuss the clinical hold.  On that call, Defendant Hans E. Bishop, the Chief Executive Officer ("CEO") of Juno, stated: "There was also one previous death from cerebral edema on the trial in May."

6.      On this news, Juno's stock price fell $13.01 per share, or 31.8%, to close at $27.81

Class Action Complaint - 2

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

per share on July 8, 2016, on unusually heavy trading volume.

7. Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose: (1) that in May 2016, a patient-participant in Juno's Phase II clinical trial of JCAR015 died; (2) that this death called into question the efficacy and/or safety of JCAR015; (3) that, as a result, FDA approval of JCAR015 would be delayed and/or denied; and (4) that, as a result of the foregoing, Defendants' statements about Juno's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

located within this Judicial District.

12.   In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

13.   Plaintiff Liberata Paradiso, as set forth in the accompanying certification, incorporated by reference herein, purchased Juno common stock during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

14.   Defendant Juno is a Delaware corporation with its principal executive offices located at 307 Westlake Avenue North, Suite 300, Seattle, Washington 98109.

15.   Defendant Hans E. Bishop ("Bishop") was, at all relevant times, President CEO of Juno.

16.   Defendant Steven D. Harr ("Harr") was, at all relevant times, Chief Financial Officer ("CFO") of Juno.

17.   Defendants Bishop and Harr are collectively referred to hereinafter as the "Individual Defendants."   The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of Juno's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market.   Each defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be

Class Action Complaint - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

corrected.  Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

## SUBSTANTIVE ALLEGATIONS

### Background

18.     Juno is a biopharmaceutical company focused on the treatment of cancer.  The Company purportedly develops cell-based cancer immunotherapies by genetically engineering T cells to recognize and kill cancer cells.

19.     In the third quarter of 2015, the Company began a Phase II trial, known as the "ROCKET" trial, of JCAR015 to treat adult relapsed/refractory B cell acute lymphoblastic leukemia.

### Materially False and Misleading
### Statements Issued During the Class Period

20.     The Class Period begins on May 9, 2016.  On that day, Juno issued a press release entitled, "Juno Therapeutics Reports First Quarter 2016 Financial Results."   Therein, the Company, in relevant part, stated:

> SEATTLE--(BUSINESS     WIRE)--May     9,     2016-- Juno     Therapeutics, Inc. (NASDAQ:JUNO), a biopharmaceutical company focused on re-engaging the body's immune system to revolutionize the treatment of cancer, today reported financial results and business highlights for the first quarter 2016.

> "In the first quarter, we continued to advance our CD19-directed portfolio – enrolling multiple trials, commencing manufacturing of clinical trial material from our Juno-operated facility, and securing Celgene's opt-in to product candidates in our CD19 program, which will accelerate our pace outside of North America. Also,

Class Action Complaint - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

we recently reported encouraging early data for product candidates against two other targets, CD22 and WT-1, as our pipeline and research continue to progress beyond CD19," said Hans Bishop, Juno's President and Chief Executive Officer. "Juno's capabilities are growing, and we look forward to sharing more data with you later this quarter at ASCO and throughout 2016."

**First Quarter 2016 and Recent Corporate Highlights**

**Clinical Progress:**

- **CD19 Portfolio** – An investigational new drug (IND) amendment cleared the FDA, allowing Juno to begin clinical manufacturing of JCAR015 for the Phase II ROCKET trial out of a Juno-operated manufacturing facility in Bothell, Washington. Juno plans to use this facility to manufacture product for Juno's first commercial launches. Juno also announced the initiation of enrollment for its trial combining JCAR014 and MedImmune's anti-PDL-1 immune checkpoint inhibitor, durvalumab.

                         *        *        *

**First Quarter 2016 Financial Results**

- **Cash Position:** Cash, cash equivalents, and marketable securities as of March 31, 2016 were $1.13 billion compared to $1.22 billion as of December 31, 2015. The decrease of $91.0 million is due to cash used in connection with the acquisition of AbVitro and cash used to fund operations, offset by cash proceeds of $47.0 million from Celgene for the purchase of 1,137,593 shares of Juno's common stock. Celgene's CD19 opt-in payment of $50.0 million occurred after the end of the first quarter.

- **Cash Burn:** Excluding cash inflows and outflows from business development activities, cash burn in the first quarter of 2016 was $61.0 million including $4.0 million of capital expenditures, compared to $26.4 million in the first quarter of 2015. The increase of $34.6 million was primarily driven by cash outflows in connection with the overall growth of the business.

- **Revenue:** Revenue for the three months ended March 31, 2016 was $9.8 million and included milestone revenue of $5.8 million received from Novartis and revenue recognized in connection with the Celgene collaboration agreement of $3.8 million.

- **R&D Expenses:** Research and development expenses in the first quarter of 2016, inclusive of non-cash expenses and computed in accordance with GAAP, were $73.7 million compared to $57.8 million in the first quarter of 2015. The increase of $15.9 million was due to a $23.2 million non-cash expense associated with milestones achieved under its license agreement with Opus Bio related to Juno's JCAR018 product candidate, which were paid through the issuance of 603,364 shares of Juno's common stock, a $5.0 million payment to St. Jude in connection with the milestone achieved by Juno's sublicensee Novartis, as well as increased costs incurred to execute Juno's clinical development strategy, manufacture its product candidates,

Class Action Complaint - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

and expand its overall research and development capabilities.

For the three months ended March 31, 2016, Juno recorded a gain of $6.6 million related to the success payment liability and an expense of $38.9 million for the same period in 2015. The gain recorded in the first quarter of 2016 was primarily due to a decline in Juno's stock price at March 31, 2016 compared to December 31, 2015.

- **Non-GAAP R&D Expenses:** Non-GAAP research and development expenses for the three months ended March 31, 2016 and 2015 were $80.1 million and $17.0 million, respectively. Non-GAAP research and development expenses for the first quarter of 2016 include $9.1 million of stock-based compensation expense, $2.2 million of which was paid in connection with the acquisition of AbVitro, as well as the milestone payments described above. Non-GAAP research and development expenses for the first quarter of 2015 include $1.7 million of non-cash stock-based compensation expense. Non-GAAP research and development expenses for the first quarter of 2016 exclude the following:

  - A gain of $6.6 million associated with the change in the estimated value and elapsed service period for Juno's potential success payment liabilities to FHCRC and Memorial Sloan Kettering Cancer Center (MSK).

  - Non-cash stock-based compensation expense of $1.2 million related to a 2013 restricted stock award to a co-founding director that became a consultant upon his departure from Juno's board of directors in 2014.

  - A gain of $1.0 million associated with the change in estimated fair value of the contingent consideration recorded in connection with the Stage and X-Body acquisitions.

  Non-GAAP research and development expenses for the first quarter of 2015 exclude the following:

- An expense of $38.9 million associated with the change in the estimated value and elapsed service period for Juno's potential success payment liabilities to FHCRC and MSK.

- Non-cash stock-based compensation expense of $1.9 million related to a 2013 restricted stock award to a co-founding director that became a consultant upon his departure from Juno's board of directors in 2014.

- **G&A Expenses**: General and administrative expenses on a GAAP basis for the first quarter of 2016 were $16.0 million compared to $7.4 million for the first quarter of 2015. The increase of $8.6 million was primarily due to increased personnel expenses, including non-cash stock-based compensation expense, an increase in consulting fees including costs related to commercial readiness, and other expenses related to the growth of the business. General and administrative expenses include $4.9 million and $1.8 million of non-cash stock-based compensation expense for

Class Action Complaint - 7

the three months ended March 31, 2016 and 2015, respectively.

- **GAAP Net Loss:** Net loss for the three months ended March 31, 2016 was $71.1 million, or $0.72 per share, compared to $65.0 million, or $0.79 per share, for the same period in 2015.

- **Non-GAAP Net Loss:** Non-GAAP net loss, which incorporates the non-GAAP R&D expense, for the three months ended March 31, 2016 was $77.5 million, or $0.78 per share, compared to $24.2 million, or $0.30 per share, for the same period in 2015.

A reconciliation of GAAP net loss to non-GAAP net loss is presented below under "Non-GAAP Financial Measures."

**2016 Financial Guidance**

Juno expects 2016 cash burn, excluding cash inflows or outflows from business development activities, to be between $220 million and $250 million.

- Operating burn estimated to be between $170 million and $195 million.

- Capital expenditures estimated to be between $40 million and $55 million, the vast majority of which are related to one-time infrastructure build-outs.

21.   On May 10, 2016, Juno filed its Quarterly Report with the SEC on Form 10-Q for the fiscal quarter ended March 31, 2016.  The Company's Form 10-Q was signed by Defendant Harr, and reaffirmed the Company's financial results previously announced in the press release.

22.   On June 4, 2016, Juno issued a press release entitled, "Juno Therapeutics' Investigational CAR T Cell Product Candidate JCAR015 Shows High Response Rates in Adults with B-cell ALL." Therein, the Company, in relevant part, stated:

SEATTLE--(BUSINESS   WIRE)--Jun.   4,   2016-- Juno   Therapeutics, Inc. (NASDAQ: JUNO), a biopharmaceutical company focused on re-engaging the body's immune system to revolutionize the treatment of cancer, today announced that encouraging clinical data from JCAR015, a chimeric antigen receptor (CAR) T cell product candidate, support its strategic approach towards the commercialization of its first CAR T therapy. Updated results will be presented today in an oral presentation at the 52nd Annual Meeting of the American Society for Clinical Oncology (ASCO) in Chicago (Abstract #7003, Arie Crown Theater, 4:00 p.m. CT).

"The ongoing efficacy and duration of response for a large percentage of patients, specifically those who do not go on to stem cell transplant, continues to be impressive," said Mark J. Gilbert, M.D., Juno's Chief Medical Officer. "These findings provide us with further confidence about our development strategy and the

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

ongoing Phase II ROCKET pivotal trial."

In the Phase I study, presented by lead investigator Jae H. Park, M.D., of Memorial Sloan Kettering Cancer Center, 51 adult patients with relapsed or refractory (r/r) acute lymphoblastic leukemia (ALL) were treated with either cyclophosphamide or fludarabine/cyclophosphamide followed by an infusion of JCAR015. At the time of treatment, 31 patients had morphologic disease burden and 20 patients had minimal disease burden. Median study follow-up was 8.5 months. Key results include:

- Complete response (CR) was observed in 23/30 (77%) patients with morphologic disease and in 18/20 (90%) patients with minimal disease.

- In patients who achieved a CR and had adequate evaluation for minimal residual disease by flow cytometry or polymerase chain reaction, complete molecular remission was observed in 19/21 (90%) patients with morphologic disease and in 14/18 (78%) patients with minimal disease.

- Median overall survival (OS) for patients with minimal disease treated with JCAR015 was not reached, and that for morphologic patients treated with JCAR015 was 9 months; median OS follow-up for all patients was 13 months.

- Durable responses and survival observed in patients who received JCAR015 were comparable between groups that received a subsequent stem cell transplant and those that did not.

- Severe cytokine release syndrome (sCRS) was observed in 14/51 (27%) patients and Grade 3 or higher neurotoxicity was observed in 15/51 (29%) patients. For patients with minimal disease, 1/20 (5%) patients experienced sCRS and 4/20 (20%) patients had Grade 3 or higher neurotoxicity.

23.    The above statements contained in ¶¶20-22 were false and/or misleading, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, these statements were false and/or misleading statements and/or failed to disclose: (1) that in May 2016, a patient-participant in Juno's Phase II clinical trial of JCAR015 died; (2) that this death called into question the efficacy and/or safety of JCAR015; (3) that, as a result, FDA approval of JCAR015 would be delayed and/or denied; and (4) that, as a result of the foregoing, Defendants' statements about Juno's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

Class Action Complaint - 9

**Disclosures at the End of the Class Period**

24.     July 7, 2016, Juno issued a press release announcing that the FDA placed a clinical hold on the Phase II clinical trial of JCAR015.  In relevant part, the Company disclosed:

SEATTLE – July 7, 2016 – Juno Therapeutics, Inc. (Nasdaq: JUNO), a biopharmaceutical company focused on re-engaging the body's immune system to revolutionize the treatment of cancer, today announced that it has received notice from the U.S. Food and Drug Administration (FDA) that a clinical hold has been placed on the Phase II clinical trial of JCAR015 in adult patients with relapsed or refractory B cell acute lymphoblastic leukemia (r/r ALL), known as the "ROCKET" trial. The clinical hold was initiated after two patient deaths last week, which followed the recent addition of fludarabine to the pre-conditioning regimen.

Juno has proposed to the FDA to continue the ROCKET trial using JCAR015 with cyclophosphamide pre-conditioning alone. In response, the FDA has requested that Juno submit, as a Complete Response to the Clinical Hold: a revised patient informed consent form, a revised investigator brochure, a revised trial protocol, and a copy of the presentation made to the agency yesterday. Juno will submit the requested information to the FDA this week.

Juno's trials and plans for its other CD19-directed CAR-T cell product candidates, including JCAR017, are not affected.

25.     On the same day, July 7, 2016, the Company held a conference call to discuss the clinical hold.  On that call, Defendant Bishop stated:

As background, when we began the ROCKET trial, our chemotherapy preconditioning consisted of cy-only, which was the preconditioning used in the majority of adult ALL patients treated in the Phase I trial of JCAR015 conducted by MSK.

During the second quarter, we introduced fludarabine as part of the preconditioning regime. The switch to fludarabine and cyclophosphamide or Flu/Cy preconditioning was attractive in light of improved efficacy shown from data in multiple trials, notably: the JCAR014 Phase I/II trial in advanced B cell malignancies, and the JCAR017 Phase I/II trial in pediatric ALL.

*       *       *

[S]ince adding fludarabine to the preconditioning on the ROCKET trial, we have seen an increase in the incidences of severe neurotoxicity, which has unfortunately included two patient deaths that occurred last week from cerebral edema that appeared to be treatment-related.

There was also one previous death from cerebral edema on the trial in May. After review of that event, we, along with the FDA and our DSMB, concluded there were confounding factors and a change in our plans at that time was not warranted.

Class Action Complaint - 10

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

> Over the past week, we've systematically reviewed multiple possible factors that could have contributed to the increased neurotoxicity seen on the ROCKET trial, including preconditioning, patient characteristics, toxicity management, product characteristics and cell dose. Although more than one factor may have contributed based on our review with the data available across our experience with 129 patients in ALL, both with Cy-only and with Flu/Cy, we believe the addition of fludarabine when combined with JCAR015 is the most likely and the most appropriately modifiable factor.

26.     On this news, Juno's stock price fell $13.01 per share, or 31.8%, to close at $27.81 per share on July 8, 2016, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that acquired Juno's securities between May 9, 2016 and July 7, 2016, inclusive (the "Class Period") and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

28.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Juno's securities were actively traded on the NASDAQ Stock Market (the "NASDAQ").  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Millions of Juno shares were traded publicly during the Class Period on the NASDAQ.  As of May 3, 2016, Juno had 105,535,597 shares of common stock outstanding.  Record owners and other members of the Class may be identified from records maintained by Juno or its transfer agent and may be

Class Action Complaint - 11

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

29.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

30.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

31.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Juno; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

32.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

Class Action Complaint - 12

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## UNDISCLOSED ADVERSE FACTS

33.     The market for Juno's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, Juno's securities traded at artificially inflated prices during the Class Period.  Plaintiff and other members of the Class purchased or otherwise acquired Juno's securities relying upon the integrity of the market price of the Company's securities and market information relating to Juno, and have been damaged thereby.

34.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Juno's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  Said statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about Juno's business, operations, and prospects as alleged herein.

35.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Juno's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

complained of herein.

## LOSS CAUSATION

36.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

37.     During the Class Period, Plaintiff and the Class purchased Juno's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

38.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Juno, his/her control over, and/or receipt and/or modification of Juno's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Juno, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

39.     The market for Juno's securities was open, well-developed and efficient at all

Class Action Complaint - 14

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Juno's securities traded at artificially inflated prices during the Class Period.  On June 6, 2016, the Company's stock closed at a Class Period high of $48.50 per share.  Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Juno's securities and market information relating to Juno, and have been damaged thereby.

40.     During the Class Period, the artificial inflation of Juno's stock was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Juno's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Juno and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company stock. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

41.     At all relevant times, the market for Juno's securities was an efficient market for the following reasons, among others:

(a)     Juno stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)     As a regulated issuer, Juno filed periodic public reports with the SEC and/or the NASDAQ;

Class Action Complaint - 15

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

(c)     Juno regularly communicated with public investors *via* established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Juno was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

42.     As a result of the foregoing, the market for Juno's securities promptly digested current information regarding Juno from all publicly available sources and reflected such information in Juno's stock price. Under these circumstances, all purchasers of Juno's securities during the Class Period suffered similar injury through their purchase of Juno's securities at artificially inflated prices and a presumption of reliance applies.

43.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## NO SAFE HARBOR

44.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Juno who knew that the statement was false when made.

## FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### Against All Defendants

45.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Juno's securities at artificially inflated prices.   In

Class Action Complaint - 17

furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

47.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Juno's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5.  All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

48.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Juno's financial well-being and prospects, as specified herein.

49.     These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Juno's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Juno and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

50.     Each of the Individual Defendants' primary liability, and controlling person

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

51.     The defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Juno's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

52.     As a result of the dissemination of the materially false and/or misleading

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

information and/or failure to disclose material facts, as set forth above, the market price of Juno's securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Juno's securities during the Class Period at artificially high prices and were damaged thereby.

53.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that Juno was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Juno securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

54.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

55.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**SECOND CLAIM**
**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

56.     Plaintiff repeats and realleges each and every allegation contained above as if fully

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

set forth herein.

57.    The Individual Defendants acted as controlling persons of Juno within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

58.    In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

59.    As set forth above, Juno and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint.  By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)      Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)      Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


DATED this 7th day of September, 2016.


BADGLEY MULLINS TURNER PLLC


/s/Duncan C. Turner
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:   (206) 621-9686
Email:  duncanturner@badgleymullins.com
***Attorneys for Plaintiff***

Class Action Complaint - 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
***Attorneys for Plaintiff – pro ha vice pending***

Class Action Complaint - 23

## SWORN CERTIFICATION OF PLAINTIFF

## JUNO THERAPEUTICS INC. SECURITIES LITIGATION

I, Liberata Paradiso, individually, and/or in my capacity as trustee and/or principal for accounts listed on Schedule A, certify that:

1.    I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf.

2.    I did not purchase Juno Therapeutics Inc., the security that is the subject of this action, at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.    I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.    My transactions in Juno Therapeutics Inc. during the Class Period set forth in the Complaint are as follows:

(See attached transactions)

5.    I have not served as a representative party on behalf of a class under this title during the last three years, except for the following:

6.    I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

8/10/2016
_____
Date

DocuSigned by:

*Liberata Paradiso*
1C356C5B6E33476...
_____
Liberata Paradiso

**Liberata Paradiso's Transactions in
Juno Therapeutics, Inc. (JUNO)**

| Date | Transaction Type | Quantity | Unit Price |
|------|------------------|---------:|-----------:|
| 06/02/2016 | Bought | 20 | $44.8900 |
| 06/02/2016 | Bought | 100 | $44.8800 |
| 06/02/2016 | Bought | 200 | $44.7700 |
| 06/02/2016 | Bought | 300 | $44.8900 |
| 06/02/2016 | Bought | 500 | $44.1300 |
| 06/02/2016 | Bought | 700 | $44.7700 |